UNITED STATES DISTRICT COURT  FOR ONLINE PUBLICATION ONLY
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------- X
                                                         :

SAMUEL DUCATEL,                                     :
and SOBER TAXI, INC.,                          :             MEMORANDUM
                                                         :              AND ORDER
                          Plaintiffs,      :
                                                         :
                    - against -                       :
                                                         :             08-CV-4219 (JG) (VVP)
WARREN MANSPEIZER,                         :
and NEIL M. MANSPEIZER,                   :
                                                         :
                             Defendants.     :
------------------------------------------------------- X

A P P E A R A N C E S:

       LAW OFFICE OF F. WILLIAM SALO
             501 E. 87th Street, No. 11-F
             New York, NY 10128
       By:     Frederick William Salo
             Attorney for Plaintiff

       DOWNING & PECK, P.C.
             5 Hanover Square - 20th Floor
             New York, NY 10004
       By:     Alison D. Metzler
             Michael F. O'Connell
             Attorneys for Defendants

JOHN GLEESON, United States District Judge:

        This personal injury and property damage suit arises out of a motor vehicle accident, which occurred on September 6, 2005 in the Lincoln Tunnel. The Lincoln Tunnel runs beneath the Hudson River, and connects New Jersey with the borough of Manhattan, in the Southern District of New York. Plaintiffs Samuel Ducatel and Sober Taxi, Inc. (collectively "Ducatel") claim the accident was caused by defendants' negligence. Defendants Warren Manspeizer and Neil M. Manspeizer (collectively "Manspeizer") move to transfer venue from

this district to the Southern District of New York pursuant to 28 U.S.C. § 1391(a). For the reasons set for below, the motion is denied.

BACKGROUND

The following facts, taken from the plaintiffs' complaint, are assumed to be true. On September 6, 2005, a motor vehicle owned by Warren Manspeizer and operated by Neil Manspeizer rear-ended a motor vehicle operated by Ducatel and owned by Sober Taxi, Inc. in the north tube of the Lincoln Tunnel, causing personal injuries and property damages. On August 22, 2008, Ducatel filed this action against Manspeizer in the Supreme Court of the State of New York, County of Queens, seeking $1,000,000 in damages for personal injuries and $7,500 in property damages. On October 17, 2008, Manspeizer removed the case to this court pursuant to 28 U.S.C. § 1441(a) based on the diversity of citizenship between the parties, as Samuel Ducatel is a resident and citizen of Nassau County, New York; Sober Taxi, Inc. is a domestic corporation, citizen and resident of Queens County, New York; and Neil and Warren Manspeizer are both citizens and residents of New Jersey.

In this motion, Manspeizer claims that transfer of the case to the Southern District of New York is appropriate pursuant to 28 U.S.C. § 1391(a)(2) because the accident occurred there and because a trial in that district would be more convenient to the witnesses. Oral argument took place on March 13, 2009.

DISCUSSION

A.   *The Statute Governing Venue in Removed Cases*

The general provision governing venue in diversity actions, 28 U.S.C. § 1391(a) provides that a civil action in which jurisdiction is founded solely on diversity of citizenship may be brought only in

> (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, … or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

Here, Manspeizer argues that venue is improper under § 1391(a)(2) because all of the events giving rise to the claim -- the accident in the Lincoln Tunnel -- occurred in the jurisdiction of the Southern District of New York.

Manspeizer's argument that venue does not properly lie in this district is without merit. As the Second Circuit has stated, "[T]he removal statute, and not the ordinary federal venue statute, 28 U.S.C. § 1391, governs venue in removed cases." *PT United Can Co. v. Crown Cork & Seal Co.*, 138 F.3d 65, 72 (2d Cir. 1998). The court explained:

> Thus, a party may challenge removal as itself improper, or as having been made to the wrong district court if the case was removed to a district court other than that "embracing" the state court in which the action was brought, but one may not challenge venue in the district court as of right, according to that district court's venue rules, as if the case had originally been brought there.

*Id.* at 72; *see also Polizzi v. Cowles Magazines, Inc.*, 345 U.S. 663, 665 (1953) (when an action is removed to federal court, the general venue provision of § 1391 "has no application"). Under the removal statute, 28 U.S.C. § 1441(a),[1] venue is proper in this district.

B.  *Discretionary Transfer of Venue Under § 1404(a)*

Even though venue is proper under 28 U.S.C. § 1441(a), a district court may transfer a removed action to another federal district if transfer is in the interest of justice, and if the convenience of the parties and witnesses warrants transfer. 28 U.S.C. § 1404(a). The burden of demonstrating that a case should be transferred is on the movant, *Factors Etc., Inc. v. Pro*

---

[1]  Section 1441(a) of Title 28 of the United States Code provides:
Except as otherwise provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

3

*Arts, Inc.*, 579 F.2d 215, 218 (2d Cir. 1978), *abrogated on other grounds by Pirone v. MacMillan, Inc.*, 894 F.2d 579 (2d Cir. 1990), who must make a "clear-cut showing that transfer is in the best interests of the litigation." *Smart v. Goord*, 21 F. Supp. 2d 309, 315 (S.D.N.Y. 1998) (internal quotation marks omitted).

The inquiry on a motion to transfer has two steps. First, the court must establish that the action "might have been brought" in the district to which the moving party seeks transfer. If it could have been brought there, the court inquires as to whether the transfer "promotes convenience and justice." *Neil Bros. Ltd. v. World Wide Lines, Inc.*, 425 F. Supp. 2d 325, 327 (E.D.N.Y. 2006). There is no dispute that this action could have been brought in the Southern District of New York. Here, the accident which gave rise to this suit occurred in the Lincoln Tunnel, which is located within the jurisdiction of the Southern District of New York. *See* 28 U.S.C. § 1391(a)(2).

In considering whether transfer would promote convenience and justice, district courts have "broad discretion," and consider transfer requests "on a case-by-case basis." *D.H. Blair & Co., Inc. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006). Factors to be considered include the following: (1) the convenience of witnesses; (2) the convenience of the parties; (3) the locus of operative facts; (4) the availability of process to compel the attendance of unwilling witnesses; (5) the location of relevant documents and the relative ease of access to sources of proof; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded the plaintiff's choice of forum; (9) trial efficiency; and (10) the interest of justice, based on the totality of the circumstances.[2] *In re Hanger Orthopedic Group, Inc. Securities Litigation*, 418 F. Supp. 2d 164, 167-68 (E.D.N.Y. 2006) (citing *Dealtime.com v.*

---

[2] The following factors were not addressed by the parties: the availability of process to compel the attendance of unwilling witnesses; the relative means of the parties; the forum's familiarity with the governing law; and trial efficiency. Accordingly, I decline to address them.

4

*McNulty*, 123 F. Supp. 2d 750, 755 (S.D.N.Y. 2000)). As noted above, the movant has the burden of making a "clear-cut showing" that transfer is warranted in light of these factors. *In re Hanger*, 418 F. Supp. 2d at 168.

*1. The Convenience of the Parties and the Witnesses*

The first two factors -- convenience of the parties and witnesses -- are "generally the most important factor[s] in a court's determination of whether to grant a motion for transfer." *Dwyer v. General Motors Corp.*, 853 F. Supp. 690, 692 (S.D.N.Y. 1994). Here the convenience factor is a wash. The defendants are District of New Jersey residents and plaintiffs are residents of the Eastern District of New York. Two defense witnesses reside in the Southern District of New York and one resides in the District of New Jersey. Ducatel states that all of the plaintiffs' witnesses, including treating doctors and experts, are located in the Eastern District of New York. Since the Southern and Eastern District courthouses are quite close to one another -- they are on opposite sides of the Brooklyn Bridge -- the convenience of the parties and witnesses does not weigh in favor of either party.

*2. The Locus of Facts and Location of Documents*

"Where the operative facts occurred is an obvious factor to consider." *Pall Corp. v. PTI Technologies, Inc.*, 992 F. Supp. 196, 200 (E.D.N.Y. 1998). If the "principal events occurred … in another district," the locus of facts provides a strong reason to transfer. *Berman v. Informix*, 30 F. Supp. 2d 653, 658 (S.D.N.Y. 1998). In this case, all of the legally operative events took place in the Southern District of New York. However, evidence relating to the site of plaintiffs' injuries can be introduced in the form of documents, photographs or videotapes. In addition, all of plaintiffs' documentary evidence, such as medical and insurance records, is

located in the Eastern District of New York. I find that this factor does not weigh in favor of either party.

> 3. *The Plaintiff's Choice of Forum*

In exercising its discretion, a district court must give substantial consideration to the plaintiff's choice of venue. *See In re Warrick*, 70 F.3d 736, 741 (2d Cir. 1995). Indeed, "[a] plaintiff's choice of forum is generally entitled to considerable weight and should not be disturbed unless the balance of the factors is strongly in favor of the defendant." *Berman*, 30 F. Supp. 2d at 659. Manspeizer would have me find that Ducatel's decision to file its action in Queens County, within the Eastern District, should not be accorded great weight because the facts giving rise to the suit have no material connection to this forum. However, the case law recognizes that a plaintiff's choice of forum is accorded less weight only when the forum is neither the plaintiff's home nor the locus of operative facts. *See Dwyer*, 853 F. Supp. at 694. Because Ducatel filed this action in the district in which he resides and in which Sober Taxi is a resident, plaintiffs' chosen forum is entitled to substantial consideration. This factor weighs against transfer.

> 4. *Interests of Justice*

Neither party has suggested any interests that might be implicated by this factor other than those discussed above.

CONCLUSION

Balancing the factors set forth above, plaintiffs' choice of forum outweighs any inconvenience to plaintiffs' witnesses. I find that Manspeizer has failed to make a "clear-cut

showing" that transfer to the Southern District of New York is warranted in the interests of convenience and justice. Accordingly, the motion is denied.

So ordered.


John Gleeson, U.S.D.J.

Dated:   March 13, 2009
         Brooklyn, New York